IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$80,000.00 IN UNITED STATES CURRENCY,

    Defendant.

_____

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***
_____

The United States of America, by and through United States Attorney Jason R. Dunn and Assistant United States Attorney Laura B. Hurd, pursuant to Supplemental Rules for Admiralty, Maritime and Asset Forfeiture Actions G(2), states:

### JURISDICTION AND VENUE

1. The United States of America has commenced this action pursuant to the civil forfeiture provisions of 21 U.S.C. § 881, seeking forfeiture of defendant property based upon violations of the narcotics provisions of 21 U.S.C. § 801 *et seq*. This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355.

2. Venue is proper under 28 U.S.C. § 1395, as some acts described herein occurred, in the District of Colorado.

### DEFENDANT PROPERTY

3. Defendant property is more fully described as follows:

Defendant $80,000.00 in United States currency seized from Joseph Leyba during a traffic stop in Prowers County, Colorado on August 25, 2020, and currently in the custody of the United States Marshals Service in Denver, Colorado.

## **FACTUAL BASIS FOR FORFEITURE**

Except as otherwise noted, all of the following facts and information have been discovered through my own investigation and observations, and the observations and investigations of fellow law enforcement officers as reported to me.

### **Traffic Stop**

4.      On August 25, 2020, a Colorado State Patrol Trooper stopped a car for speeding on Westbound Highway 50 in Prowers County, Colorado.  The car was driving almost ten miles over the speed limit.

5.      The driver, Joseph Leyba (Leyba), was the only occupant of the vehicle. The Trooper told Leyba that his radar unit read 74 miles an hour in a 65 mile an hour zone.  Leybe told the officer he had his cruise control set to 70 miles per hour.  When the Trooper asked if Leyba had changed the size of his factory tires, as that could cause the discrepancy in the speedometer, Leyba said the car was a rental.

6.      The Trooper then asked for Leyba's driver's license and the rental agreement, and saw that Leyba was not the authorized driver of the rental car.  The authorized driver was identified as Ayyuappan Subbiah (Subbiah).  The rental agreement also showed that the car was rented on August 25, 2020, in Tulsa, Oklahoma.

7.      The Trooper asked Leyba why his name was not on the rental agreement and why the person who was on the rental agreement, Subbiah, was not in the car with

him. Leyba told the trooper that Subbiah was his friend who rented the car for him. Leyba said he was an authorized driver.

8. The Trooper contacted Pueblo dispatch and provided them with Leyba's information. The Trooper also asked them to contact the rental car company to see if Leyba was an authorized driver of the car.

9. The rental car company confirmed that Leyba was not an authorized driver.

10. Leyba's criminal history revealed four prior convictions for narcotics charges. A K-9 unit was dispatched to perform an open-air sniff of the rental car.

11. While waiting for the K-9 unit to arrive, the Trooper asked Leyba again if Leyba's friend (Subbiah) rented the car for him. Leyba said, "Ya cause all I have is a debit card." The trooper asked Leyba if his friend (Subbiah) lived in Oklahoma or Pueblo, Colorado, and Leyba said he lived in Oklahoma. Leyba's driver's license showed he was a resident of Pueblo, Colorado.

12. Leyba said he flew down to Tusla, Oklahoma, and was there on business for three weeks. Leyba said he decided to drive back because the return ticket was $500.00.

13. The trooper asked Leyba if he had anything illegal in the car, and Leyba said he did not.

14. Using the narcotics K-9, Troopers conducted a free air sniff around the outside of the vehicle. The K-9 positively alerted to the odor of narcotics on the driver's side of the car. Troopers conducted a probable cause search and opened the back hatch of the car. Inside the back of the car, they found a brown paper grocery bag containing

eight bundles of cash wrapped in rubber bands.  Each bundle of cash was $10,000.00, totaling defendant $80,000.00 in United States currency.

15. Two cell phones were also found inside the center console of the car.  These were placed in Airplane mode and secured as evidence.  The rental car was then towed.

16. Law enforcement searched for business entities related to Leyba in Colorado and found that Leyba is registered with the Industrial Hemp Program under Purity Science, LLC, at 84 N Precision Boulevard, Pueblo West, Colorado 81007.

17. The Colorado Department of Revenue (CDOR) told law enforcement that there was a licensed marijuana grow at the same location, 84 N Precision Boulevard, in 2016.  The grow was in the name of Heritage Organics owned by Micheline Smith.  The license was surrendered due to violations.  The CDOR said that the address hasn't been registered as a caregiver location, and that Lebya has never held an employee or owner's license with them.

18. Leyba is also associated with Bees Knees CBDs located at 1627 E. Evans, Pueblo, Colorado.  The Colorado Secretary of State shows the principal office address as 4804 Quita Court, Pueblo, Colorado.  The registered agent is listed as Douglas Kwitek, but the true name of the person forming the LLC is Leyba Ventures Incorporated, 4804 Quita Court, Pueblo, Colorado.

**Cell phone evidence**

19. Law enforcement searched the cell phones found inside the rental car and found multiple pictures, and conversations via text, email and WhatsApp, related to the testing and sale of THC oil.

20. Several photos were discovered on the cell phone which portrayed images of laboratory tests conducted on products of the Bees Knees CBDs products.

21. One image of a lab test that was conducted on a product sample belonging to Bees Knees CBD was conducted on February 17, 2020, and showed that the product contained 69.90% max active THC and 3.48% max active CBD.

22. One image of a laboratory test that was conducted on a product sample belonging to Bees Knees CBD was conducted on February 21, 2020, and showed that the product contained 76.55% max active THC and 3.59% max active CBD.

23. Law enforcement also found multiple conversations referring to the testing and sale of THC.

24. One conversation stated that Leyba would be sent an invoice for "car parts," when the participants were actually referring to activities related to testing material at Scissortail Laboratory, at 2408 NW 10th Street, Oklahoma City, Oklahoma. In the conversation, Leyba confirms that he wants to use this laboratory.

25. An open source review posted to Google.com for Scissortail Laboratory, LLC, stated, "They allow you to pay 250$ cash under the table for boosted results haven't gotten or found anything tested by them under 30% it's all 30-42% with . 08% CBD they quote say the 250 is for a full panel you wont be disappointed with."

26. Frequently, the message conversations are between "Joey" Leyba and a contact named "Amy Saigon LA Tfree" (Saigon). One text message conversation between Saigon and Leyba contains a picture showing cannabis oil followed by Saigon asking if Leyba can get a higher price if "we test at 88 or higher?"

27. One text message conversation between Saigon and Leyba discusses how much 90% THC would profit them:

Saigon: "yes I am testing both liters tomorrow just potency they said its 90%",

Leyba: "Wow how much to me?"

Saigon: "I can do this at 4500 you think you can make it. I am working rhem [sic] on pricing. its 4k to me but I front it so."

28. Another text message conversation implies out of state distribution of "Legally High Gummies," a product which apparently advertises that these gummies are legal in all 50 states.

29. The message is between Leyba and Carol Kozial on March 14, 2020.

Leyba: "Hey what have we told Keith other legally high retail is?"

Kozial: "$33. Is he buying any??"

Leyba: "Idk. He had someone from Kentucky message cory on the legally high and we gave them too good of quote".

Kozial: "Hes [sic] digging again for cheap cheap. I've given him extra 10% and did nothing for us. He didn't [sic] even place an order this week. I checked in with him to see if I missed email or anything. Said hes [sic] slow and already placed an order with his other lady friend who sells to him. Hes [sic] been doing real estate and not a huge focus on CBD anymore. Complaining that the LH Gummies are NOT legal hes [sic] been told by his other supplier so hes [sic] only going to order for family and friends".

Leyba: "Sucks. Hopefully we didn't push the envelope too much with the LHs". Kozial: "Nah"

30. On August 28, 2020, a search warrant was executed on the rental car. During the search of the rental car, law enforcement officers discovered paperwork inside the car, including bank statements for a company, Purity Science Group LLC, showing large round dollar wire transfers ranging from $5,000.00 to $200,000.00. One wire transfer was for $100,000.00 originating from Taipei City, Taiwan.

31. Law enforcement officers also found a certificate from the Colorado Department of Agriculture for Purity Science LLC for a 2,800 square foot Industrial Hemp Grow issued for September 23, 2019 to September 22, 2020.

32. A review of the Colorado Secretary of State shows that Purity Science Group LLC has been noncompliant since August 1, 2020 and the entity became delinquent October 1, 2020.

33. In addition, law enforcement officers also found a sales invoice for 5.5 liters of THC Oil dated July 17, 2020. The total cost of the invoice was $30,250.00.

34. There was a second sales invoice for 9 liters of THC Oil costing a total of $49,500.00 dated July 20, 2020.

**Criminal History**

35. Leyba was arrested in 2011 in Pueblo County for cultivating marijuana.

36. In conclusion, defendant $80,000.00 represents money furnished or intended to be furnished in exchange for a controlled substance in violation of 21 U.S.C. § 801 *et seq.*

*[Remainder of page intentionally left blank]*

## **VERIFICATION OF SEAN SLOAN, TASK FORCE OFFICER, DRUG ENFORCEMENT ADMINISTRATION**

I, Task Force Officer Sean Sloan, hereby state and aver under the pain and penalties of perjury that I have read the foregoing Factual Basis for Forfeiture and that the facts and information contained therein are true.

s/Sean Sloan
TFO – DEA

## FIRST CLAIM FOR RELIEF

1. The Plaintiff repeats and incorporates by reference the paragraphs above.

2. By the foregoing and other acts, defendant $80,000.00 in United States currency represents monies furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange, and/or monies used or intended to be used to facilitate a violation of 21 U.S.C. § 801 *et seq.,* and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States prays for entry of a final order of forfeiture for the defendant $80,000.00 in United States currency in favor of the United States, that the United States be authorized to dispose of the defendant property in accordance with law, and that the Court enter a finding of probable cause for the seizure of the defendant property and issue a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

DATED this 13th day of January 2021.

Respectfully submitted,

JASON R. DUNN
United States Attorney

By: s/ *Laura B. Hurd*
Laura B. Hurd
Assistant United States Attorney
1801 California Street, Ste. 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0402
E-mail: laura.hurd@usdoj.gov
*Attorney for Plaintiff*